UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DONALD JOHN ZIEGLER,

                Plaintiff,           Civil Action No.: 14-14880
                                      Magistrate Judge Elizabeth A. Stafford
                v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.

_____/

## OPINION AND ORDER ON CROSS-MOTIONS
## FOR SUMMARY JUDGMENT [16, 18]

Plaintiff Donald Ziegler appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying his application

for Disability Insurance Benefits ("DIB") under the Social Security Act (the

"Act").  Both parties consented to conduct all proceedings before this Court

[13], and a hearing was held on October 13, 2015, on their cross-motions

for summary judgment.

At the conclusion of the hearing, the Court **GRANTED** Ziegler's

motion for summary judgment and **DENIED** the Commissioner's motion for

the reasons stated on the record, which included the following.

The ALJ did not adhere to the requirements of the treating physician

rule in evaluating Dr. Shukla's treating opinion because he failed to give any specific weight for that opinion and because his reasons for rejecting that opinion are not supported by substantial evidence.  *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (setting forth procedural requirements of the treating physician rule). The ALJ reasoned in part that Dr. Shukla did not include an onset date, but the standard form that Dr. Shukla completed, entitled Medical Statement Regarding Headaches for Social Security Disability Claim, did not request an onset date.  [R. 10-10, Tr. 458-59].  Dr. Shukla did treat Ziegler during the disability period, and the ALJ noted that there was no indication that Ziegler's headaches worsened over time. [R. 10-7, Tr. 243-47; R. 10-2, Tr. 25].  Given that, the ALJ could have deduced that Dr. Shukla's opinion pertained equally to the period before his last insured date.  Instead of outright rejecting Dr. Shukla's opinion, the ALJ should have at least sought clarification from Dr. Shukla about the time period for his opinion.  "Where there are obvious gaps in the record, the ALJ has the duty to develop the administrative record with respect to the missing evidence." *Kendall v. Astrue*, No. CIV.A. 2:10-263-DCR, 2011 WL 4388794, at *5 (E.D. Ky. Sept. 20, 2011).

Further, when seemingly (but not explicitly) giving little weight to Dr.

2

Shukla's opinion, the ALJ incorrectly stated that Ziegler continued working for three years after the date his headaches began.  [R. 10-2, Tr. 25]. Instead, Ziegler retired in 2004 and began experiencing headaches in 2006.  [R. 10-2, 38, 40; R. 10-7, Tr. 198-200].  Finally, the ALJ's finding that the opinion lacked the support of the objective evidence of record is also not a good reason to reject it.  As at least one Court has noted, conditions such as cluster headaches may not result in any objective abnormalities. *See Woods v. Colvin*, No. 13-8953, 2015 U.S. Dist. LEXIS 54449, 2014 WL 1910255 (N.D. Ill. Apr. 27, 2015).

The ALJ also erred in speculating that alcohol abuse may be the cause of Ziegler's severe impairments.  Factually, the ALJ's finding that Ziegler was a heavy drinker throughout the disability period is contrary to the evidence of record, which reflects at the very least a severe reduction in consumption after the headaches began.  [R. 10-2, Tr. 24, 25, 44, 46; R. 10-7, 198-200, 218, 220, 240, 254; R. 10-8, Tr. 278; R. 10-10, Tr. 427, 487].  Moreover, no medical provider noted observing Ziegler to be under the influence of alcohol during treatment for his headaches, and no doctor suggested that Ziegler's headaches were caused by his drinking.

The ALJ further erred in assessing Ziegler's credibility.  The ALJ fails to point out the inconsistencies in the record he claims exist regarding

3

Ziegler's symptoms or treatment records, except to the extent that they appear "inconsistent" with the lack of a specific etiology for his headaches. However, the ALJ may not rely on the lack of objective medical signs alone to find Ziegler's claimed symptoms not credible, especially where his reporting was consistent throughout the record. *See Felisky v.* Bowen, 35 F.3d 1027, 1039 (6th Cir. 1994). Here, while Ziegler has been characterized as a "vague" historian who is unable to give a clear picture of his symptoms, the picture he does give is relatively consistent, including debilitating headaches that leave him bedridden for approximately twenty hours a day. [R. 10-7, Tr. 168, 176, 198, 239, 254; R. 10-8, Tr. 278; R. 10-9, Tr. 340; R. 10-10, Tr. 427]. Furthermore, the ALJ was required to conduct a two-part analysis for evaluating Ziegler's complaints of disabling pain, which requires evaluation of the entire record. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). The ALJ's analysis did not comport with the requirements described in *Rogers*.

Finally, the ALJ's finding that Ziegler had severe impairments of headaches and vertigo, while at the same time all but concluding that there was no evidence in the record for these conditions, is confusing and prevents meaningful review of this case. The ALJ classified Ziegler's headaches and vertigo as severe, but failed to assign any discernable

4

limitations based upon them or explain his reasons for not doing so,

preventing the Court from conducting meaningful appellate review.

On remand, the ALJ shall consider the record evidence, and may

consider the additional medical records submitted to the Appeals Council,

to the extent they are relevant to the period in question, as well as solicit

any other evidence necessary to make an appropriate decision on this

record.

**IT IS SO ORDERD.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 13, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

5